### HYDE v. KITCHEN et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

**1. PLEADINGS—STRIKING OUT AS SHAM.**
In an action for money alleged to have been deposited in a savings bank by a deceased person in trust for plaintiff, where, by an order of interpleader, the executors of decedent have been substituted as defendants in place of the bank, an allegation in their answer that, beyond the bank book referred to in the complaint, they deny any knowledge or information sufficient to form a belief as to whether they, as executors, have any interest in said fund, or whether such money belongs to plaintiff, will not be stricken out as sham, since they have the right to put plaintiff on proof of the allegation of title contained in his complaint.

**2. SAME—STRIKING OUT AS IRRELEVANT.**
A paragraph of the answer narrating facts which have prevented the probate of the will and the issuing of letters testamentary to defendants, and stating the reasons why a temporary administrator has not been able to qualify, should be stricken out as irrelevant, as it simply states why defendants have no legal interest in the fund, and hence does not even tend to show a defense to plaintiff's claim.

**3. SAME.**
An allegation that deceased left certain next of kin, who have, or "may have," some interest or claim in the determination of the action, should also be stricken out as irrelevant, as such next of kin can have no legal or direct interest in the controversy, even if the estate has such an interest, as it is the duty of the executors to defend the estate.

Appeal from special term, New York county.

Action by Charles H. Hyde, as administrator of John H. Hyde, deceased, brought originally against the Manhattan Savings Institution, to recover money therein deposited by Maria Van Vleck, deceased, "in trust for John H. Hyde," plaintiff's intestate. George H. Kitchen and David T. Corde, named as executors in the will of said Maria Van Vleck, instituted interpleader proceedings, the result of which was that they were substituted as defendants in place of the savings institution, and it was directed to hold the money subject to the order of the court. The executors then answered the complaint. From an order denying plaintiff's motion to strike out parts of such answer as sham, and others as irrelevant or redundant, plaintiff appeals. Affirmed in part, and reversed in part.

Argued before VAN BRUNT, P. J., and O'BRIEN and BAR-RETT, JJ.

L. Karge, for appellant.

Thomas H. Cook, (Joseph Fettretch, of counsel,) for respondents.

BARRETT, J. The difficulty here antedates the present pleadings. It results from the interpleader order previously made, whereby the present defendants were substituted in place of the savings bank. As these defendants make no claim to the fund in question, it is difficult to perceive upon what principle they were brought into the action; but as they are here, the answer which they have interposed must be considered independently, and as though they had been made parties defendants in the first instance. The plaintiff in his complaint, amended to conform to the interpleader order, claims a certain sum of money deposited in a savings bank by one Maria Van Vleck, "in trust for John H. Hyde." These defendants are the executors named in the will of Maria Van Vleck, but that will has not been admitted to probate, and the defendants consequently have not received letters testamentary. In their answer the defendants make the following denial, which the plaintiff seeks to have stricken out as sham or irrelevant, namely:

"But beyond the bank book referred to in the complaint they deny any knowledge or information sufficient to form a belief as to whether the executors or legal representatives of Maria Van Vleck, deceased, have any interest in said fund, or whether said money belongs to the plaintiffs, or whether the plaintiffs are the owners thereof and justly entitled thereto."

The word "book" in the first line of this denial was omitted by a clerical error, but, as it was a clerical error, the defendants should not be prejudiced thereby. The plaintiff claims that this denial is sham, because of other statements in the answer, from which he asks us to infer that the defendants have knowledge that the money in question belongs to him, and that he is justly entitled thereto. We do not think, however, that this denial can be stricken out as sham. Before part of an answer can be stricken out as sham, the court must be satisfied that it is false, and that it was interposed in bad faith. We do not think there is anything in the present answer, or in the affidavit upon which the motion was founded, to justify this conclusion. If the defendants are proper parties, and are entitled to defend, they have a right to ignore the allegations of the complaint as to the plaintiff's interest in the deposit, and to put the plaintiff upon proof thereof. The qualification, "but beyond the bank book referred to in the complaint," may affect the sufficiency of the denial, but it does not render it sham or false. It may seem strange that persons who do not assert any right to the deposit should be permitted to question the plaintiff's title; but that, we must assume, was considered by the court when the order of interpleader was made, and these defendants were brought into the action. Being thus in, they have a right to deny the allegations of the complaint, either specifically, or by denying any knowledge or information thereof sufficient to form a belief. What effect this may have upon the trial need not now be considered. It was sufficient for the court at

·special term, upon the motion to strike out, to say that, as these defendants had been brought into the action and called upon to plead, their denial of the plaintiff's title could not be declared to be sham. That is all the court was called upon to decide, and we think its conclusion was correct.

As to the other paragraphs of the answer against which the motion was aimed, a different case is made out. These paragraphs set up affirmative matter, which is clearly irrelevant for the reason that it does not even tend to show a defense to the plaintiff's claim. In one of these paragraphs the defendants narrate at some length the facts which have prevented the probate of the will and the issuing to them of letters testamentary. This is all irrelevant. The material fact is that the letters have not been issued. They also set forth that proceedings for the appointment of a temporary administrator, pending a contest over the will, have been taken, but that for certain reasons the temporary administrator has not as yet been able to qualify. This, too, is wholly irrelevant, and has no bearing on the controversy. It amounts to the defendants saying that they have no legal interest in the fund, and then telling us why, unfortunately, they have no such interest.

The same observations apply with even greater force to the remaining paragraph of the answer. In this paragraph the defendants state that Maria Van Vleck ·left certain next of kin, who are named, and who, they allege, have, or may have, some interest or claim in the determination of the question with regard to this deposit. The defendants aver that there is a defect of parties defendant, in that these next of kin are not made parties to the action. It is quite clear that the next of kin have no legal or direct interest in the controversy, even if the estate of Maria Van Vleck has such interest. Either the plaintiff or the estate of Maria Van Vleck is entitled to the deposit; and these executors, who have been brought in, as we must assume, to defend the estate, must limit themselves to the question which arises between themselves as executors and the plaintiff. It will not do for these defendants to say that they have no interest in these moneys because they have not yet received their letters testamentary, but that other people have, or may have, an interest therein dependent upon the result of the controversy over the will. The paragraph of the answer, therefore, with reference to these next of kin, is clearly irrelevant, and should have been stricken out. So much of the order appealed from as denies the motion to strike out, as sham or irrelevant, the denial of any knowledge or information sufficient to form a belief as to the plaintiff's interest in the deposit should be affirmed, and so much of the order as denies the motion to strike out the allegations contained in the second and third paragraphs of the answer as irrelevant should be reversed, and that part of the motion granted, without costs of this appeal to either party.

VAN BRUNT, P. J. As the defendants can prove under their general denial any facts tending to show that the plaintiff has no interest in the fund, I concur.

O'BRIEN, J., concurs.